IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,                    :
                    Plaintiff          :
          v.                            :
ROBERT MRKICH, M.D.,                    :   Civil Action No. 05-03J
                    Defendant          :
                                        :

<u>Report and Recommendation</u>

<u>Orders and Recommendation</u>

        Plaintiff filed a <u>pro</u> <u>se</u> complaint under 42 U.S.C.§ 1983,
42 U.S.C.§ 1985, and the Americans with Disabilities Act, 42 U.S.C.§
12101, <u>et</u> <u>seq.</u>, against defendant, a physician.    Pending are
defendant's motion to dismiss, docket no. 3, plaintiff's motion for
default judgment, docket no. 5, plaintiff's motion for a jury trial,
docket no. 6, and plaintiff's motions to proceed <u>in</u> <u>forma</u> <u>pauperis</u>,
docket no. 9, docket no. 10.    Plaintiff's motions for leave to
proceed <u>in</u> <u>forma</u> <u>pauperis</u>, docket no. 9 and docket no. 10, are
granted, but the specific request for Marshal's service of the
complaint is denied as moot because service of the complaint has
been accepted and a response filed.    The motion for default
judgment, docket no. 5, is denied because it is meritless: defendant
had already filed a timely responsive pleading before the motion for
default was filed.    Finally, defendant's motion to dismiss, docket
no. 3, should be denied in part and granted in part.    While
defendant's defense to plaintiff's claim of retaliatory denial of
treatment cannot be resolved at the motion to dismiss stage, there
is a pending action in this court involving the same parties and the
same core of operative facts, <u>Howarth v. Mrkich</u>, C.A. No. 04-315J.
Under Fed.R.Civ.P. 42(a), this court may issue such orders "as may
tend to avoid unnecessary costs or delay."    To avoid unnecessary

duplication of effort by the parties and the court, this matter should be dismissed without prejudice to proceeding at the earlier filed case, where the defense can be presented by motion for summary judgment.

Report

Plaintiff alleges that he is disabled and uses crutches or a wheelchair for mobility. Defendant is a physician who was plaintiff's primary care physician. When plaintiff appeared at defendant's office on December 30, 2004, without an appointment and seeking a walk-in examination for an episode of high blood pressure, plaintiff alleges he was told he would not be examined because plaintiff had been discharged as a patient. Plaintiff alleges this refusal of treatment is in retaliation for an ADA complaint that he had just filed, Howarth v. Mrkich, C.A. No. 04-315J.

It is not clear whether plaintiff intends to state claims under Section 1983 and Section 1985 of Title 42 in addition to a claim under Title III of the ADA, because all he does is refer to those sections, but if he does intend to state claims under those sections, they should be dismissed. The Supreme Court has made it clear that where a federal statute provides its own comprehensive enforcement scheme, Congress intended to foreclose a right of action under Section 1983. See Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 20-21 (1981). Since the ADA, see 42 U.S.C.§ 12188(a)(1), limits the remedies available to private individuals to those set forth in the Civil Rights Act of 1964, 42 U.S.C.§ 2000a-3(a), namely permanent or temporary

injunctions and restraining orders, it would contravene the statute's plain intent to permit a Section 1983 claim. As for a claim under Section 1985, plaintiff does not allege any conspiracy to deprive him of his civil rights, and a single defendant cannot conspire with himself.

The balance of the motion to dismiss must be denied. Defendant asserts that the refusal to treat was not due to any disability discrimination or retaliation for ADA protected activity, but rather took place because plaintiff filed a meritless private criminal complaint against defendant in March 2004, and had been discharged as a patient because this irreparably breached any doctor patient relationship. Although this might well preclude any claim by plaintiff, the defense is founded on allegations of fact which are extrinsic to the pleadings, and must be presented in a motion for summary judgment. Under Fed.R.Civ.P. 12(b), when matters outside the pleading are presented to the court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."

The civil suit that plaintiff alleges to be the basis of the alleged retaliatory animus, C.A. No. 04-315J, presents the claim that defendant refused to treat plaintiff on December 20, 2003, because he used a service dog. From the arguments of counsel for defendant, this episode is also the basis of the private criminal complaint plaintiff filed in March 2004, which led to the defendant discharging plaintiff as a patient. It wastes time for the court

3

and time and money for the parties to consider these obviously inter-related matters piecemeal. This matter should be dismissed without prejudice to considering plaintiff's claim that he suffered a retaliatory denial of service on December 30, 2004, at the earlier filed action, C.A. No. 04-315J. Since in both matters the parties and counsel are identical, the operative core of facts is simple, and the persons with relevant knowledge are few in number, whether or not the Court accepts my recommendation to dismiss this matter without prejudice, the following brief discovery schedule is ordered: the parties may propound any discovery on or before August 19, 2005, and shall complete discovery on or before September 20, 2005. The parties shall file cross motions at C.A. No. 04-315J for summary judgment on the claim presented in C.A. No. 04-315J (denial of service) and the claim presented in this matter (retaliation) on or before October 7, 2005, with responses due on or before October 27, 2005. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: _July 18, 2005_          _Keith A. Pesto_
                               Keith A. Pesto,
                               United States Magistrate Judge
cc:
          Leslie Paul Howarth, Ph.D.
          211 Bentwood Avenue
          Johnstown, PA 15904-1333

          Maureen McQuillan, Esquire
          206 Main Street
          Johnstown, PA 15901

4